1    Michael Kind, Esq.
2    Nevada Bar No.: 13903
     **KIND LAW**
3    8860 South Maryland Parkway, Suite 106
4    Las Vegas, Nevada 89123
5    (702) 337-2322
     (702) 329-5881 (fax)
6    mk@kindlaw.com
7
8    George Haines, Esq.
     Nevada Bar No.: 9411
9    Gerardo Avalos, Esq.
10   Nevada Bar No.: 15171
     **FREEDOM LAW FIRM**
11
     8985 S. Eastern Ave., Suite 350
12   Las Vegas, Nevada 89123
13   (702) 880-5554
     (702) 385-5518 (fax)
14
     Ghaines@freedomlegalteam.com
15   *Counsel for Plaintiffs Miro & Olga Mihailoff*

16

17                **UNITED STATES DISTRICT COURT**
                      **DISTRICT OF NEVADA**
18

19   Miro Mihailoff and Olga Mihailoff,        Case No.:

20
                        Plaintiffs,            **Complaint for damages under the**
21    v.                                       **Fair Debt Collection Practices Act,**
                                               **15 U.S.C. § 1692 et seq.**
22
     Select Portfolio Servicing, Inc.,
23                                             **Jury trial demanded**
                        Defendant.
24

25

26

27

_____

COMPLAINT                                  - 1 -

**Introduction**

1. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged, and protects consumers against debt collection uniformly among the States.

2. Miro & Olga Mihailoff ("Plaintiffs"), by counsel, bring this action to challenge the actions of Select Portfolio Servicing, Inc. ("Defendant"), with regard to Defendant's unlawful attempts to collect debt from Plaintiffs, causing harm to Plaintiffs.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

**Jurisdiction and Venue**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. This action arises out of Defendant's violations of the FDCPA.

9. Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State and conducts business in Nevada, and attempted to collect debt from Plaintiffs in Nevada.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

## Parties

11. Plaintiffs are natural persons who reside in Clark County, Nevada.

12. Plaintiffs are alleged to owe a debt, and are consumers as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a company that offers debt collection services.

14. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts; or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and is a debt collector as defined by 15 U.S.C. § 1692a(6).

15. Defendant is a corporation doing business in the State of Nevada.

16. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## Factual allegations

17. The following is some of the information Plaintiffs are currently aware of, and it is expected that after Plaintiffs conduct discovery, these allegations will be bolstered and enhanced through discovery.

18. Plaintiffs are alleged to have owed a mortgage-related debt to Bank of America in or around June 2014 (the "debt").

1
2

19. The debt was incurred primarily for personal, family or household purposes and the debt is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).

3
4

20. The validity of the alleged debt is immaterial to this action, and Plaintiffs currently take no position as to its validity.

5

21. Sometime thereafter, Defendant was assigned the right to collect on the debt.

6
7

**Defendant was unlawfully collecting an amount that was neither expressly authorized by any agreement nor permitted by law**

8
9

22. In or around June 2014, Plaintiffs short sold their property located at: 5985 Aimless Street, Henderson, NV 89015.

10
11

23. Bank of America held a subordinate lien on the property and received $8,500.00 from the proceeds of the sale in satisfaction of the debt.

12
13
14

24. On or around January 1, 2021, Defendant sent Plaintiffs a notice of service transfer claiming that it will be collecting mortgage payments from Plaintiffs beginning on January 16, 2021.

15
16

25. On or around February 11, 2021, Defendant sent Plaintiffs a letter for the purposes of collecting on the debt (the "Collection Letter").

17
18

26. In the Collection Letter, Defendant alleged that Plaintiffs owed $44,049.18 for the principal on the debt plus accrued fees.

19
20
21

27. The Collection Letter also stated that "This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose. "

22
23
24
25
26

28. As detailed above, the debt was satisfied at the conclusion of the short sale. Accordingly, Defendant's Collection Letter contained information that was not true. Plaintiffs could not now owe a balance on a debt that was satisfied in 2014, it follows that Plaintiffs could not have accrued fees on a debt that was already satisfied.

27

COMPLAINT — 4 -

1
2
29. As such, Defendant was attempting to collect an amount that it was not entitled to.

3
4
5
6
7
30. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

8
**Plaintiffs' damages**

9
10
11
12
13
14
31. Plaintiffs have suffered emotional distress and mental anguish as a result of Defendant's actions described herein. In addition, Plaintiffs incurred out-of-pocket costs and time in attempts to dispute Defendant's actions. Plaintiffs further suffered humiliation and embarrassment when Plaintiffs needed to seek the help of others, including friends, family, and an attorney, because Plaintiffs felt helpless against Defendant.

15
16
**Defendant's actions violated the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et seq.**

17
18
32. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs of the Complaint as though fully stated herein.

19
20
21
22
23
33. Defendant's conduct also violated § 1692d in that Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt. Specifically, Defendant's continued demands for Plaintiffs to pay a debt they did not owe had the natural consequence to harass, oppress, or abuse a consumer.

24
25
34. Defendant's conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.

26
27
35. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant falsely represented the amount and the legal status of the debt .

1   36. Defendant's conduct violated § 1692e(5) by threatening to take action against

2        Plaintiffs which could not be legally taken in connection with the debt.

3   37. Defendant's conduct violated § 1692e(10) in that Defendant employed various

4        false representations and deceptive means in an attempt to collect the debt from

5        Plaintiffs.

6   38. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair

7        and unconscionable means to collect a debt .

8   39. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to

9        collect an amount not expressly authorized by the agreement creating the debt or

10       permitted by law.

11  40. The foregoing acts and omissions constitute numerous and multiple violations of

12       the FDCPA, including but not limited to each and every one of the above-cited

13       provisions of the FDCPA.

14  41. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to

15       actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to

16       $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees

17       and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

18                                    **Prayer for relief**

19  42. WHEREFORE, Plaintiffs pray that judgment be entered against Defendant, and

20       Plaintiffs be awarded damages from Defendant, as follows:

21            ● An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

22            ● An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

23                1692k(a)(2)(A);

24            ● An award of costs of litigation and reasonable attorney's fees, pursuant

25                to 15 U.S.C. § 1692k(a)(3); and

26            ● Any other relief that this Court deems just and proper.

27   ///

COMPLAINT                                      - 6 -

| | |
|---|---|
| 1 | **Jury Demand** |
| 2 | 43.Pursuant to the seventh amendment to the Constitution of the United States of |
| 3 | America, Plaintiffs are entitled to, and demand, a trial by jury. |
| 4 | Dated: March 7, 2021. |
| 5 | Respectfully submitted, |
| 6 | |
| 7 | **KIND LAW** |
| 8 | /s/ Michael Kind |
| 9 | Michael Kind, Esq. |
| 10 | 8860 South Maryland Parkway, Suite 106 |
| | Las Vegas, Nevada 89123 |
| 11 | |
| 12 | **FREEDOM LAW FIRM** |
| 13 | |
| 14 | /s/ George Haines |
| | George Haines, Esq. |
| 15 | Gerardo Avalos, Esq. |
| 16 | 8985 S. Eastern Ave., Suite 350 |
| | Las Vegas, Nevada 89123 |
| 17 | *Counsel for Plaintiffs Miro & Olga* |
| 18 | *Mihailoff* |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |

COMPLAINT                    - 7 -